FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 12 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00831-BNB

THOMAS WILLIAM QUINTIN,

   Plaintiff,

v.

MARCIA S. KRIEGER,

   Defendant.

## ORDER OF DISMISSAL

Plaintiff, Thomas William Quintin, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Detention Center in Littleton, Colorado. He submitted to the Court *pro se* a civil rights complaint and various other documents. The Court reviewed the documents and determined they were deficient. Therefore, in his order of April 6, 2011, Magistrate Judge Boyd N. Boland directed Mr. Quintin to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The April 6 order pointed out that Mr. Quintin either must submit the $350.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the

appropriate official of each prison at which the prisoner is or was confined." The April 6 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.

The order warned Mr. Quintin that if he failed to cure the designated deficiencies within thirty days, the complaint and the action would be dismissed without prejudice and without further notice. Instead of curing the deficiencies as ordered, Mr. Quintin petitioned the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) for permission to appeal from the April 6 order. On April 14, 2011, the Tenth Circuit ordered Mr. Quintin to show cause, in writing, within twenty-one days, why his petition for permission to appeal should not be denied because he was appealing from a non-final order without the appropriate certification from this Court pursuant to 28 U.S.C. § 1292(b).

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Griggs v. Provident Consumer Discount Co.***, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. ***Stewart***, 915 F.2d at 574.

Mr. Quintin may not appeal from the April 6 order to cure because it is not a final order under § 1291. Furthermore, although not specifically requested by Mr. Quintin, the Court will not certify the April 6 order in this action for an interlocutory appeal

2

because the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b).

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." **Arthur Andersen & Co. v. Finesilver**, 546 F.2d 338, 340-41 (10th Cir. 1976). "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." **Hodgson v. Mahoney**, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039 (1972). Because Mr. Quintin may not appeal from Magistrate Judge Boland's April 6 order to cure, the Court will ignore the notice of appeal and proceed with the case.

Mr. Quintin has failed within the time allowed to cure the designated deficiencies. The complaint and the action will be dismissed. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Thomas W. Quintin, within the time allowed, to cure the deficiencies designated in the order of April 6, 2011, and for his failure to prosecute. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __12th__ day of ___May___, 2011.

BY THE COURT:


                                         s/Lewis T. Babcock
                                         LEWIS T. BABCOCK
                                         Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00831-BNB

Thomas William Quintin
Reg. No. 99779-012
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 12, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk